IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

METROPOLITAN LIFE INSURANCE
COMPANY,
       Plaintiff,

v.

ANGELA McNATT, an individual,
T.L.M., a minor, and
R.D.M., a minor,
       Defendants.

Case No. CIV-13-474-RAW

**ORDER**

Metropolitan Life Insurance Company (hereinafter "MetLife") filed this interpleader action seeking direction of the court as to the disposition of life insurance plan benefits. Cody McNatt (hereinafter "Decedent") was the father of T.L.M. and R.D.M. and either the husband or former husband of Angela McNatt. At the time of his death, Decedent had a $46,000 life insurance policy issued by MetLife. Decedent failed to designate a beneficiary.

Decedent's mother submitted a claimant's affidavit stating that Decedent and Angela McNatt were divorced and that his heirs were his minor children, T.L.M. and R.D.M. MetLife contacted Angela McNatt, but received no response. It then placed the plan benefits in blocked interest bearing-accounts for the benefit of the minor children. MetLife provided information regarding the accounts to the Guardian of T.L.M. and the Custodian of R.D.M. MetLife then received a claimant's statement from Angela McNatt maintaining that she was never divorced from the Decedent. She also submitted notices allegedly provided by McIntosh County Clerk and the County Clerk of Muskogee County stating that the county records did not reflect a divorce between Angela McNatt and Decedent.

Thereafter, MetLife vacated its initial claim decision and sent a letter to Angela McNatt, T.L.M. and R.D.M. informing them that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the plan to the danger of double liability. MetLife seeks the direction of the court as to the disposition of plan benefits. More specifically, MetLife requests that the court: (1) enjoin Defendants from instituting any action against MetLife based upon Decedent's policy; (2) permit MetLife to place the plan benefits into a registry of the court; (3) determine the disposition of the plan benefits or require the Defendants to settle or agree upon the disposition; and (4) dismiss MetLife with prejudice with attorney's fees and other such relief as the court deems just, equitable and proper.

None of the Defendants has filed an answer or motion or entered an appearance in this action. In a nutshell, MetLife requests this court to administer the proceeds of the policy so that it is does not have to do so and then possibly be exposed to a lawsuit by disappointed claimants. The court declines to administer the plan benefits. Like the plans in Life Insurance Company of North America v. Nears, 926 F.Supp. 86 (W.D.La. 1996), and Forcier v. Forcier, 406 F.Supp.2d 132 (D.Mass. 2005), the policy here vested MetLife with broad discretionary authority to distribute the proceeds. See Metropolitan Life Insurance Company v. Price, 501 F.3d 271, 281 (3d Cir. 2007).

The policy reads in pertinent part:

If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:

- Your Spouse;
- Your child(ren);
- Your parent(s); or
- Your sibling(s).

2

> Instead of making payment to any of the above, We may pay Your estate. Any payment made in good faith will discharge our liability to the extent of such payment. If a Beneficiary or a payee is a minor or incompetent to receive payment, We will pay that person's guardian.

Policy, Docket No. 35, Exh. 4, p. 15.[1] The policy does not rank the classes of relatives or state that they must be paid in the order listed. On the contrary, the policy states that MetLife may determine the beneficiary to be one or more of the listed relatives or simply pay the estate.

MetLife has informed the court that it has reason to believe Angela McNatt was divorced from the Decedent.[2] MetLife has also informed the court that Angela McNatt is in prison for convictions for sexual child abuse. MetLife would be well within its rights to pay the plan benefits to the children of Decedent. The policy does not require it to pay anything to Angela McNatt. The policy states that MetLife may determine the beneficiary to be one or more of the following: spouse, child(ren), parent(s), or sibling(s). It does not state that they have to be paid or chosen in that order.

The court will not administer the plan benefits on behalf of MetLife. The court agrees with the Forcier court that "absent good cause, insurers or plan administrators *with discretionary power* under ERISA plans should be required to exercise that discretion, and make a decision, before seeking judicial relief." Forcier, 406 F.Supp.2d at 140-41 (emphasis added). MetLife contracted to administer the plan benefits. "The sound judicial policy that animates the exhaustion doctrine applies with particular force when fiduciaries are *exercising discretion granted by the plan documents*. Courts review such decisions under the deferential arbitrary and

---

[1] The court uses the pagination from CM-ECF.

[2] The death certificate listed the Decedent as divorced. Docket No. 35, p. 10. The Decedent's mother informed MetLife that he was divorced. Id. p. 7.

3

capricious standard." Price, 501 F.3d 271, 281 (emphasis added). That deferential standard "insulates the decision from undue judicial second guessing and increases the likelihood that exhaustion (or reverse exhaustion) will weed out frivolous claims, promoting the consistent treatment of claims for benefits, and encouraging nonadversarial claim settlement." Id. at 281-82 (citations, quotations and brackets omitted). Accordingly, the court hereby dismisses this action. MetLife shall exercise its discretion and administer the plan benefits in accordance with the policy.

      IT IS SO ORDERED this 2nd day of June, 2015.


**Dated this 2nd day of June, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma